## PROSPERITY SALES SERVICE, Inc., v. G. H. W. CLEANERS & DYERS, Inc. *

### No. 14421.

Court of Appeal of Louisiana. Orleans.

April 24, 1933.

Robert E. O'Connor, of New Orleans, for appellant.

Leslie Moses, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff is the owner of certain promissory notes executed by defendant and not paid.

Defendant resists payment, alleging that no consideration was received for the notes. From a judgment against it, defendant appeals.

The facts are shown to be as follows:

G. H. W. Cleaners & Dyers was the trade-name of an individual engaged in the cleaning and dyeing business. J. A. Merrihew was engaged in business under the trade-name "Prosperity Sales Service." G. H. W. Cleaners & Dyers was indebted to Merrihew for certain materials sold and delivered on open account and also for certain pressing machinery for which chattel mortgage notes had been executed.

G. H. W. Cleaners & Dyers, Inc., was organized and took over the entire business theretofore known as G. H. W. Cleaners & Dyers.

That corporation desired to make further purchases from Merrihew, but he refused to sell to it because of the outstanding open account due by its predecessor, and thereupon the corporation executed notes for the past-due open account, for which open account it had assumed liability when it took over the business of its predecessor.

Through error, these notes were made payable "To Whitney Central Bank, Poydras Street Branch," instead of "at" that bank. Only one of the notes was paid. Some three years later this suit was filed.

In the meantime the chattel mortgage notes had been paid. Merrihew incorporated his business under the corporate name "Prosperity Sales Service, Inc.," and to that corporation he assigned all his interest in the notes which form the basis of this suit.

Defendant's plea of want of consideration is based on the contention that the notes now sued on were not given for the old open account indebtedness, but were given so that they might be discounted by Merrihew and the proceeds applied to the extinguishment of the chattel mortgage indebtedness, and it is asserted that, since this was not done and since defendant itself paid the chattel

*Rehearing denied May 8, 1933.

mortgage notes, no consideration was received for the notes now sued on.

There is no foundation whatever for this contention, and the evidence shows conclusively that the chattel mortgage transaction and the open account transaction were entirely separate and distinct and that the notes sued on were given in connection with the past-due open account.

■ That the notes were made payable to the bank was manifestly an error. The manager of that institution testified that it had no interest whatever in the notes, and that on plaintiff's request he had transferred by limited indorsement such nominal interest as it may have had by reason of the fact that the notes were made payable to it.

The delay in bringing the suit resulted from the fact that plaintiff encountered difficulty in collecting from defendant for other purchases made by it subsequently, and plaintiff's president was of the opinion that it would be better to first press collection of the account for which it had no notes and then to bring suit on the notes given for the older account.

■ The defense is entirely without foundation, and we cannot avoid the conclusion that the appeal was taken merely to obtain additional delay.

Appellee has answered the appeal, and asks that we increase the amount of the judgment by 10 per cent. as a penalty for the taking of the frivolous appeal.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by increasing the amount thereof by 10 per cent., and, as thus amended, it is affirmed, at the cost of appellant.

Amended and affirmed.